**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| DARIAN R. HALLIDAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-01397-SEP |
| | ) | |
| JEFFREY JENSEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) or, alternatively, 12(b)(6). Doc. [9]. For the reasons set forth below, the Motion is granted.

### BACKGROUND

Plaintiff is a self-represented litigant who is currently incarcerated at the Ste. Genevieve Detention Center in Ste. Genevieve, Missouri, with two federal criminal cases pending against him. On December 12, 2019, he was indicted in the United States District Court for the Eastern District of Missouri with nine counts of counterfeiting and forging securities, and three counts of possessing counterfeit securities. *United States v. Halliday*, No. 4:19-cr-1014-JAR-NCC-1 (E.D. Mo.). Then, on September 17, 2020, he was indicted on a single count of being a felon in possession of a firearm. *United States v. Halliday*, No. 4:20-cr-553-JAR-NCC-1 (E.D. Mo.). Both criminal cases remain pending.

On July 6, 2021, Plaintiff filed a document titled "Pro-Se Habeas Corpus," which the Court construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Halliday v. United States*, No. 4:21-cv-842-SRC (E.D. Mo.). In his petition, Plaintiff argued that the Government lacked jurisdiction to prosecute him for being a felon in possession of a firearm in *United States v. Halliday*, No. 4:20-cr-553-JAR-NCC-1 (E.D. Mo.). Specifically, Plaintiff relied on House Bill No. 85, known as the Second Amendment Preservation Act (SAPA), which was signed into law in June 2021. *See* Mo. Rev. Stat. §§ 1.410-1.485. Plaintiff alleged that the new law rejects the Government's "claims to jurisdiction under the legal fiction of interstate commerce," and prevents the Government from infringing on the people's "right to bear arms

within the borders of this state." The Honorable Stephen R. Clark denied and dismissed Plaintiff's Petition on August 31, 2021, explaining that Plaintiff could not file a petition for writ of habeas corpus to raise defenses in his pending criminal prosecution.

On October 27, 2021, Plaintiff filed a "Pro-Se Motion for Temporary Restraining Order and Preliminary Injunction" in the Circuit Court of Cole County, Missouri. *Halliday v. Jensen, et al.*, No. 21AC-CC00409 (19th Jud. Cir., Cole County), and named former United States Attorney Jeffrey Jensen and Assistant United States Attorney Gwendolyn Carroll as Defendants. Defendants filed a notice of removal in the Circuit Court of Cole County on November 19, 2021. The case was then removed to the United States District Court for the Western District of Missouri. *Halliday v. Jensen, et al.*, No. 2:21-cv-4222-NKL (W.D. Mo.). On November 22, 2021, the Honorable Nanette K. Laughrey transferred the case to this Court. Doc. [4].

Like Plaintiff's habeas petition, the instant motion effectively challenges the two criminal cases against him by invoking SAPA. Doc. [6] at 1. Specifically, Plaintiff contends that the "state law protects Missourians from Federal Government over reaches [*sic*] which infringe on individual rights." Doc. [6] at 1. He asserts that the law is meant to stop the Government from using the Commerce Clause of the United States Constitution "to infringe on the fundamental rights under the Bill of Rights," particularly the Second Amendment. *Id.* at 2. And he argues that SAPA prohibits any "person or entity" in Missouri to "give material [aid]…to federal officials to enforce federal acts, laws, or policies." *Id.* at 3. Because the jurors in the pending cases against him would be Missouri citizens, Plaintiff argues that they would be bound by SAPA.[1] *Id.* at 3 ("[P]etitioner must be tried in Missouri with Missouri jurors. Prosecution cannot move forward [because SAPA] . . . state[s] no person or entity within the borders of this state may give material [aid] . . . to federal officials to enforce federal acts, laws, or policies."). Accordingly, Plaintiff claims that he is entitled to "state sanctuary due to persecution from federal authorities," and seeks a civil penalty of $50,000 "per employee and [occurrence]," as provided by statute. *Id.* at 7.

On January 3, 2022, Defendants filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Doc. [9]. First, Defendants argue that the Court lacks subject

---

[1] Plaintiff also alleges that the use of the Ste. Genevieve County Jail to lodge him and acts of "other state entities" also violated SAPA. *See* Doc [6] at 5. But Defendants here are federal officials—not the county or state officials or law enforcement officers.

matter jurisdiction over this matter because:  (1) the suit is barred by sovereign immunity; (2) the Supremacy Clause prevents a suit against federal officers under SAPA; and (3) Plaintiff has failed to establish Article III standing.  *Id.* at 8-17.  Second, Defendants argue that Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim because Plaintiff has failed to demonstrate that he is a "law-abiding citizen" under SAPA; nor has he shown how Defendants contributed to any harm under SAPA.  *Id.* at 17-19.  Plaintiff failed to respond to Defendants' motion.

### LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) permits a party to move for dismissal on the basis of a lack of subject matter jurisdiction.  "Subject matter jurisdiction refers to a court's power to decide a certain class of cases."  *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006) (citing *Cont'l Cablevision of St. Paul, Inc. v. U.S. Postal Serv.*, 945 F.2d 1434, 1437 (8th Cir. 1991)).  "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (citing *Marbury v. Madison*, 5 U.S. 137, 174 (1803)); *see also Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotation marks omitted) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute.").

Whether the Court has subject matter jurisdiction over a case is a "threshold requirement which must be assured in every federal case."  *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990) (citing *Barclay Square Props. v. Midwest Fed. Sav. & Loan*, 893 F.2d 968, 969 (8th Cir. 1990)); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases").  "Lack of subject matter jurisdiction, unlike many other objections to the jurisdiction of a particular court, cannot be waived.  It may be raised at any time by a party to an action, or by the court *sua sponte*."  *Bueford v. Resolution Trust Corp.*, 991 F.2d 481, 485 (8th Cir. 1993).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3) a court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction."

3

**DISCUSSION**

Sovereign immunity is a jurisdictional doctrine properly analyzed under Federal Rule of Civil Procedure 12(b)(1). *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *see also Roe v. Nebraska*, 861 F.3d 785, 789 (8th Cir. 2017) (noting that "the district court properly dismissed under Rule 12(b)(1)" on sovereign immunity grounds). "Federal courts generally lack jurisdiction to hear claims against the United States because of sovereign immunity. The court may hear the case, however, if the plaintiff shows that the government has unequivocally waived that immunity." *Barnes v. United States*, 448 F.3d 1065, 1066 (8th Cir. 2006). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted); *see also College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 682 (1999) ("[i]n the context of federal sovereign immunity . . . it is well established that waivers are not implied"). Moreover, "[a] waiver of sovereign immunity . . . must be strictly construed . . . in favor of the sovereign." *Snider v. United States*, 468 F.3d 500, 509 (8th Cir. 2016) (citing *Lane*, 518 U.S. at 192). The burden is on the plaintiff to show that the government has waived sovereign immunity. *See V S Ltd. P'ship v. Dep't of Housing and Urban Development*, 235 F.3d 1109, 1112 (8th Cir. 2000) (citing *Presidential Gardens Assocs. v. United States*, 175 F.3d 132, 139 (2d Cir. 1999)).

Plaintiff does not indicate the capacity in which he is suing Defendants. *See* Doc. [1-1]. He is therefore assumed to have sued them in their official capacities only. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) (if a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including only official-capacity claims); *see also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

"A plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer[.]" *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (citing *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)). In other words, an official-capacity claim against a public employee is actually a suit against the government entity that employees the individual. *See Johnson*, 172 F.3d at 535 (explaining that a "suit against a public employee in his or her official capacity is merely a suit against the public employer"). In this case, Defendant Jensen is a former United States Attorney, and Defendant

Carroll is an Assistant United States Attorney. Docs. [1-2] at 1; [9] at 1.  Thus, Plaintiff's official-capacity claims against them are effectively claims against their employer, the United States Department of Justice, which makes them claims against the United States itself.  *See, e.g.*, *Chapman v. U.S. Dep't of Justice*, 558 F. Supp. 3d 45, 50 (S.D.N.Y. 2021).

Suits against the United States are barred by the doctrine of sovereign immunity unless the plaintiff can demonstrate that "the government has unequivocally waived that immunity." *Barnes*, 448 F.3d at 1066; *V S Ltd. P'ship*, 235 F.3d at 1112.  Here, Plaintiff has not demonstrated—nor even alleged—that the United States has waived its immunity to allow suit against it under SAPA.  *See Willis v. Boyd*, 993 F.3d 545, 547 (8th Cir. 2021) ("[A] person who sues the federal government must show that it has unequivocally waived its sovereign immunity from suit.").  Absent a waiver "unequivocally expressed in statutory text," *Lane*, 518 U.S. at 192, the Court cannot find that the United States has consented to suit.  Thus, sovereign immunity deprives this Court of jurisdiction over Plaintiff's case.

## CONCLUSION

Plaintiff's claims against Defendants Jensen and Carroll must be dismissed for want of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  Because the Court cannot exercise jurisdiction over this case, it declines to address Defendants' other asserted grounds for dismissal and instead dismisses the case without prejudice.  *See* Fed. R. Civ. P. 12(h)(3) (instructing the Court to dismiss a case where there is a lack of subject matter jurisdiction); *Turntine v. Peterson*, 959 F.3d 873, 879 (8th Cir. 2020) ("Before proceeding to the merits, we must first determine whether the district court had subject-matter jurisdiction over this action.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. [9]) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

A separate order of dismissal will be entered herewith.

Dated this 18th day of August, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE